UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CVD Equipment Corporation,**

                              **Plaintiff,**

                **-v-**                              **1:02-CV-651**

**PrecisionFlow Technologies, Inc., Kevin Brady,
Christopher Joseph Schlenker, Scott Calabrese,
Scott Fischer, Stephen Brady, and Terrence Brady,**

                              **Defendants**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Galgano & Burke
Daniel P. Burke, Esq., of Counsel
Thomas M. Galgano, Esq., of Counsel
Robert J. Rando, Esq., of Counsel
300 Rabro Drive, Suite 135
Hauppauge, New York 11788
and
Hinman Straub P.C.
James T. Potter, Esq., of Counsel
121 State Street
Albany, New York 12207
Attorneys for Plaintiff

Heslin Rothenberg Farley & Mesiti
Nicholas Mesiti, Esq., of Counsel
David P. Miranda, Esq., of Counsel
Lee A. Palmateer, Esq., of Counsel
5 Columbia Circle
Albany, New York 12203
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

## INTRODUCTION

Defendants move (Dkt. No. 20) for the following relief:

>(1) dismissal of the unjust enrichment and unfair competition causes of action in the amended complaint (Dkt. No. 8) on the ground of preemption;
>
>(2) dismissal of the amended complaint on the ground that it is duplicative of a prior action pending before this Court; or
>
>(3) in the alternative, a stay of the instant action pending resolution of the prior action.

For the reasons set forth below, the Court denies the motion in its entirety.

## AMENDED COMPLAINT

The instant action was commenced on May 14, 2002. In the amended complaint (Dkt. No. 8), filed on August 26, 2002, plaintiff CVD Equipment Corporation ("CVD") alleges that it is in the business of providing custom gas and chemical delivery systems and services for computer chip fabrication; that in 1998, at a secured party public auction, it purchased from Fleet National Bank the assets, including intellectual property and intangible assets, of Stainless Design Corporation ("SD Corp."); that CVD markets and sells products embodying the SD Corp. intellectual property purchased by CVD; and that CVD has filed copyright applications and/or obtained copyright registrations in accordance with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, covering some of the SD Corp. intellectual property purchased by CVD.

The amended complaint further alleges that CVD's competitor, defendant PrecisionFlow Technologies, Inc. ("PFT"), is also in the business of providing custom gas and chemical delivery systems and services for computer chip fabrication; that the majority of the founding shareholders of PFT and a number of PFT's employees were former employees of SD Corp.; that the individual defendants were officers and/or employees at SD Corp.; that while at SD Corp. they

had access to SD Corp.'s intellectual property; and that, through the individual defendants, PFT has come into possession of and has been using the SD Corp. intellectual property purchased by CVD.

The first cause of action alleges that CVD is the exclusive owner of the copyrights in works referred to as "Works I" and Works II" and that defendants have copied, used, marketed, and/or distributed infringing copies and/or derivative works of Works I and Works II, thereby infringing one or more of CVD's copyrights in violation of 17 U.S.C. § 501.

The second cause of action sounds in unfair competition. It asserts that defendants have copied, used, and sold products embodying CVD's proprietary materials and confidential information through an abuse of confidential and/or fiduciary relationships.

In the third cause of action, sounding in unjust enrichment, CVD claims that defendants have been unjustly enriched by their misappropriation of products embodying CVD's intellectual property and/or proprietary and confidential information.

CVD seeks declaratory relief, injunctive relief, an order requiring the impounding and forfeiture of the infringing products and related materials, an accounting, money damages, punitive damages, and costs, including attorney's fees.

## DISCUSSION

**Whether the unjust enrichment and unfair competition causes of action are preempted**

PFT urges that CVD's second and third causes of action, for unfair competition and unjust enrichment, are preempted by the Copyright Act, 17 U.S.C. § 301(a), which provides:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright ...whether published or unpublished, are governed exclusively by this title....

-3-

> [T]hereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Thus, section 301(a) preempts those state law rights that may be violated by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law. *See* 17 U.S.C. § 106; *Computer Assocs. Intern., Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992).

Defendants argue that Count II, sounding in unfair competition, is preempted. Courts have held that section 301(a) preempts unfair competition claims "grounded solely in the copying of a plaintiff's protected expression." *Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (citing *Computer Assocs.*, 982 F.2d at 717). To avoid preemption, an unfair competition claim must include an extra element that makes it qualitatively different from a copyright infringement claim. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.* 373 F.3d 296, 305-06 (2d Cir. 2004); *Computer Assocs.*, 982 F.2d at 716-17. Unfair competition claims based upon breaches of confidential relationships and breaches of fiduciary duties have been held to satisfy the extra-element test and avoid preclusion. *See Kregos*, 3 F.3d at 666.

CVD's amended complaint alleges as part of the background of the action:

> Upon information and belief, defendants have misappropriated the fruit of SD Corp.'s labors and expenditures, which is now owned by CVD, by obtaining access to CVD's intellectual property, proprietary and/or confidential information through fraud, deception or abuse of fiduciary relationships.

In support of Count II, the unfair competition cause of action, the amended complaint avers:

> Upon information and belief, defendants copied, used, sold and/or otherwise marketed products embodying CVD's aforesaid proprietary materials and/or confidential information through an abuse of confidential and/or fiduciary relationships.

These averments are sufficient to allege the extra element of breach of a confidential relationship and/or fiduciary duties by PFT. *See Briarpatch,* 373 F.3d at 305-06; *Computer Assocs.*, 982 F.2d

at 717-18.  Dismissal of Count II on the ground of preemption is denied.

Defendants also argue that Count III, for unjust enrichment, is preempted.  To make out a claim for unjust enrichment, a plaintiff must establish that the defendant benefitted at the plaintiff's expense and that the circumstances were such that in equity and good conscience the defendant should make restitution to the plaintiff.  *See generally Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000).  The amended complaint alleges that defendants "were unjustly enriched at CVD's expense under circumstances such that equity and good conscience require defendants to make restitution to CVD."  Further, as noted, the background recitations in the amended complaint allege that defendants have misappropriated the fruit of SD Corp.'s labors and expenditures by obtaining access to the materials in issue through fraud, deception or abuse of fiduciary relationships.  The extra element of inequity through fraud, deception, or abuse of fiduciary relationships is sufficient to change the nature of the unjust enrichment claim so that it is qualitatively different from a copyright infringement claim.  *See Kregos*, 3 F.3d at 666; *Computer Assocs.*, 982 F.2d at 716.  Dismissal of Count III on the ground of preemption is denied.

**Whether the amended complaint should be dismissed on the ground that it is duplicative of a prior proceeding before this Court**

In moving for dismissal of the amended complaint, defendants contend that the instant action is duplicative of a prior proceeding still pending before this Court.  The prior proceeding is a consolidated action comprising *PrecisionFlow Technologies, Inc. v. CVD Equipment Corporation*, No. 99-CV-1536 (the lead action), and *CVD Corporation v. Kevin Brady*, No. 99-2030 (the member action).  Hereinafter, the Court refers to the prior pending consolidated action simply as the "prior action."

In addressing this aspect of defendants' motion, the Court briefly summarizes the pleadings in the prior action. PFT commenced the lead action, Action No. 99-CV-1536, on September 24, 1999. Essentially, PFT asserts that CVD, PFT's competitor, falsely represented to PFT's customers and potential customers that PFT could not provide certain goods and services because to do so would infringe the intellectual property of CVD. PFT avers that as a result of the false representations, PFT lost business and sustained damage to its reputation. PFT asserts causes of action sounding in false advertising and commercial disparagement under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and related state law claims.

In its answer to Action No. 99-CV-1536, filed on November 15, 1999, CVD asserts counterclaims against PFT. In support of the counterclaims, CVD relies on the allegations – also asserted in the instant action – that in 1998 it purchased all assets, including the intellectual property and intangible assets, of SD Corp., and that CVD markets and sells products embodying the SD Corp. intellectual property it purchased. CVD further claims that, through Kevin Brady, who had previously been employed by SD Corp. and who became president and major shareholder of PFT, PFT has come into possession of and has been using the SD Corp. intellectual property purchased by CVD, thus damaging CVD's business. CVD asserts state law counterclaims against PFT sounding in unfair competition, unjust enrichment, and tortious interference with CVD's prospective business relations. CVD also asserts a counterclaim for copyright infringement under 17 U.S.C. § 501. As clarified on motion practice, the only copyrighted works on which the counterclaims are based are the Silane Delivery System Mechanical Drawings.

In the member action, Action No. 99-CV-2030, commenced on November 22, 1999, CVD

-6-

asserts against Kevin Brady the same claims asserted in CVD's counterclaims against PFT in the lead action.

Defendants argue that the complaint in the instant action, Action No. 02-CV-651, asserts essentially the same claims based on the same conduct, the same transactions, and the same intellectual property, as CVD asserts against PFT and Kevin Brady in the prior action. Thus, they argue, dismissal is appropriate. *See, e.g., Kellen Co., Inc. v. Calphalon Corp.*, 54 F.Supp.2d 218, 222 (S.D.N.Y. 1999).

In opposition, CVD contends that the amended complaint in the instant action is not duplicative of the prior action. CVD points out that the instant action is based on 75 copyrights, 74 of which are not the subject of the prior action, and the alleged acts of infringement are asserted against a number of defendants who are not parties to the prior action. CVD further asserts that the alleged acts occurred subsequent to the conduct alleged in the prior action. CVD argues: "The claims of copyright infringement are for new copyrights and new acts of infringement by new defendants"; and further, "the cause of action herein arose after the prior case was filed." (Emphasis in original.)

In considering this aspect of PFT's motion, the Court notes that "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). This Court has carefully reviewed the parties' submissions and the records in the instant case as well as in the prior action. The Court cannot conclusively determine at this point that the instant action is merely another action based on the same claims that CVD asserts in the prior action. The fact that the property rights upon which CVD relies in both this and the prior action allegedly spring from the same event – that is,

-7-

CVD's purchase of SD Corp.'s assets – does not necessarily mean that CVD cannot prove that those property rights were infringed in transactions or series of transactions distinct from those alleged in the prior action.  It is not clear that CVD can establish such distinct claims; however, under all of the circumstances, dismissal at the pleading stage is not appropriate.

The Court has recently decided summary judgment motions in the prior action.  *See* Action No. 99-CV-1536, Dkt. No. 133.  The prior action will likely be tried before dispositive motions are made in the instant action.  It may well be that matters resolved in the prior action will warrant dismissal of some or all of the claims in the instant action, by application of the doctrine of collateral estoppel or the rule against claim splitting or on some other ground.  At this point, the Court cannot anticipate what preclusive effect, if any, the resolution of the prior action will have on the instant action.  Thus, the Court denies this aspect of PFT's motion.

**Whether the instant action should be stayed pending resolution of the prior action**

At this point in the proceedings, the Court denies a stay of the instant action.

### CONCLUSION

It is therefore

ORDERED that defendants' motion (Dkt. No. 20) is denied.

IT IS SO ORDERED.

March 27, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge