UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CVD Equipment Corporation,**

                               **Plaintiff,**

                **-v-**                              **1:02-CV-651**

**PrecisionFlow Technologies, Inc., Kevin Brady,
Christopher Joseph Schlenker, Scott Calabrese,
Scott Fischer, Stephen Brady, and Terrence Brady,**

                               **Defendants**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:
Galgano & Burke
Daniel P. Burke, Esq., of Counsel
Thomas M. Galgano, Esq., of Counsel
Robert J. Rando, Esq., of Counsel
300 Rabro Drive, Suite 135
Hauppauge, New York 11788
and
Hinman Straub P.C.
James T. Potter, Esq., of Counsel
121 State Street
Albany, New York 12207
Attorneys for Plaintiff

Heslin Rothenberg Farley & Mesiti
Nicholas Mesiti, Esq., of Counsel
David P. Miranda, Esq., of Counsel
Lee A. Palmateer, Esq., of Counsel
5 Columbia Circle
Albany, New York 12203
Attorneys for Defendants

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

Presently before the Court is defendants' motion for reconsideration (Dkt. No. 33) of

this Court's Memorandum-Decision and Order of March 27, 2007 (Dkt. No. 31), which

denied defendants' motion (Dkt. No. 20) for dismissal of this action and other relief. Defendants contend that the Court's Memorandum-Decision and Order reflects a clear error of law insofar as it denied dismissal of the instant action; defendants argue that the instant action is duplicative of a prior proceeding, a consolidated action comprising *PrecisionFlow Technologies, Inc. v. CVD Equipment Corporation*, No. 99-CV-1536 (the lead action), and *CVD Corporation v. Kevin Brady*, No. 99-2030 (the member action).

A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); 18 *C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure*, § 4478, at 790 (1981). Local Rule 7.1 (g) implements this power. A motion for reconsideration is not an opportunity to reargue that which was previously decided. *See, e.g.*, *American Civil Liberties Union v. Department of Defense*, --- F.Supp.2d ----, 2005 WL 2842071 (S.D.N.Y. 2005).

The motion before the Court lacks merit. In its Memorandum-Decision and Order of March 27, 2007, this Court expressly discussed and decided the issues which movants now raise. Movants make no showing of an intervening change in controlling law or the availability of previously unavailable evidence. Rather, they contend that there is a need to correct a clear error of law and prevent manifest injustice. This contention is based on their disagreement with this Court's rulings. Such is not a proper basis for reconsideration. Defendants have not persuaded the Court that the previous rulings are incorrect or unjust.

Accordingly, it is

ORDERED that the motion (Dkt. No. 33) by defendants for reconsideration of the March 27, 2007 Memorandum-Decision and Order (Dkt. No. 31) is denied.

IT IS SO ORDERED.

May 25, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge